UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BURIJ MUCHNIK RIVERA,
JULIO NARCISCO CORTES,

      Plaintiffs,

v.

AMERICAN MEDICAL NETWORK LLC
D/B/A DOC TO YOUR DOOR,
ZARBRO, LLC, GUILLERMO ROCHIN,
JUAN ZARAGOZA,

      Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff BURIJ MUCHNIK RIVERA brings this action solely against Defendant GUILLERMO ROCHIN, and Plaintiff JULIO NARCISCO CORTES bring this action against Defendants, AMERICAN MEDICAL NETWORK LLC D/B/A DOC TO YOUR DOOR, ZARBRO, LLC, GUILLERMO ROCHIN, and JUAN ZARAGOZA, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff BURIJ MUCHNIK RIVERA was a resident of the State of Florida and an "employee" of Defendant GUILLERMO ROCHIN as defined by the FLSA.

3. At all times material hereto, Plaintiff JULIO NARCISCO CORTES was a resident of the State of Florida and an "employee" of Defendants AMERICAN MEDICAL NETWORK LLC D/B/A DOC TO YOUR DOOR, ZARBRO, LLC, GUILLERMO ROCHIN, and JUAN ZARAGOZA as defined by the FLSA.

4.      At all times material hereto, Plaintiff JULIO NARCISCO CORTES engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to telephone communication with patients and insurance companies located outisde Florida.

5.      At all times material hereto, Defendant, AMERICAN MEDICAL NETWORK LLC D/B/A DOC TO YOUR DOOR, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of urgent care clinics, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6.      At all times material hereto, Defendant, ZARBRO, LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of urgent care clinics, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

7.      At all times material hereto, Defendant, GUILLERMO ROCHIN, was a resident of Miami-Dade County, Florida and was a manager of Defendant, AMERICAN MEDICAL NETWORK LLC D/B/A DOC TO YOUR DOOR, and the entity Samoho Healthcare South Beach, LLC d/b/a Medigo d/b/a South Beach Urgent Care, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of AMERICAN MEDICAL NETWORK LLC D/B/A DOC TO YOUR DOOR, and the entity Samoho Healthcare South Beach, LLC d/b/a Medigo d/b/a South Beach Urgent Care. Accordingly, GUILLERMO ROCHIN was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

8.   Defendant, JUAN ZARAGOZA, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, AMERICAN MEDICAL NETWORK LLC D/B/A DOC TO YOUR DOOR and ZARBRO, LLC, controlled Plaintiff JULIO NARCISCO CORTES's duties, hours worked, and compensation, and managed the day-to-day operations of AMERICAN MEDICAL NETWORK LLC D/B/A DOC TO YOUR DOOR and ZARBRO, LLC. Accordingly, JUAN ZARAGOZA was and is an "employer" of the Plaintiff JULIO NARCISCO CORTES within the meaning of 29 U.S.C. §203(d).

9.   At all times material hereto, Defendants, AMERICAN MEDICAL NETWORK LLC D/B/A DOC TO YOUR DOOR and ZARBRO, LLC, and the entity Samoho Healthcare South Beach, LLC d/b/a Medigo d/b/a South Beach Urgent Care, were a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

10.   Defendants, AMERICAN MEDICAL NETWORK LLC D/B/A DOC TO YOUR DOOR and ZARBRO, LLC, and the entity Samoho Healthcare South Beach, LLC d/b/a Medigo d/b/a South Beach Urgent Care, were joint employers of Plaintiff JULIO NARCISCO CORTES, under the Fair Labor Standards Act, shared Plaintiff JULIO NARCISCO CORTES's services, had Plaintiff JULIO NARCISCO CORTES acting in the interest of each business, and shared common control of Plaintiff JULIO NARCISCO CORTES.

11.   Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

12. Plaintiff BURIJ MUCHNIK RIVERA worked for Defendant GUILLERMO ROCHIN as a physician assistant.

13. Plaintiff JULIO NARCISCO CORTES worked for Defendants as a physician assistant.

14. Defendant GUILLERMO ROCHIN failed to pay Plaintiff BURIJ MUCHNIK RIVERA the full and proper minimum wages for certain hours worked during his employment.

15. Defendants failed to pay Plaintiff JULIO NARCISCO CORTES's full and proper overtime wages of 1.5 times his regular hourly rate for hours worked over 40 each week.

16. Defendants failed to pay Plaintiff JULIO NARCISCO CORTES the full and proper minimum wages for certain hours worked during his employment.

17. Attached as Exhibit A and Exhibit B are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

18. Defendants have knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

19. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

20. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

21. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-20 above as if set forth herein in full.

22. Plaintiff BURIJ MUCHNIK RIVERA allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that he is entitled to: (i) unpaid minimum wages and (ii)

liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq against Defendant GUILLERMO ROCHIN.

23. Plaintiff JULIO NARCISCO CORTES alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that he is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq against all the defendants.

24. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff BURIJ MUCHNIK RIVERA demands judgment against Defendant GUILLERMO ROCHIN plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate, and Plaintiff JULIO NARCISCO CORTES demands judgment against all Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791