UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-24440-civ-Williams/McAliley

BURIJ MUCHNIK RIVERA,
JULIO NARCISCO CORTES,

       Plaintiffs,

v.

AMERICAN MEDICAL NETWORK LLC
D/B/A DOC TO YOUR DOOR,
ZARBRO, LLC, GUILLERMO ROCHIN,
JUAN ZARAGOZA,

       Defendants.
_____/

## MOTION TO ENFORCE SETTLEMENT AND FOR JUDGMENT

Plaintiffs, BURIJ MUCHNIK RIVERA and JULIO NARCISO CORTES, by and through the undersigned counsel, move to enforce the parties' Settlement Agreement [ECF Nos. 60-2, 60-3, and 60-4] ("Settlement Agreement"), and in support Plaintiffs state the following:

1. On May 25, 2022, the Court entered Order [ECF No. 63] approving the terms of the parties' Settlement Agreement but modifying the payment schedule so that monthly payments commenced on July 1, 2022.

2. Defendants have failed to make every payment so far on time.

3. Defendants paid every payment late, and only after requiring Plaintiffs' counsel to send a notice of default pursuant to Section 7 of the parties' Settlement Agreement, which provides:

> 7. Default and Right to Cure. in the Event Any Payment Is Delinquent, Upon Notice of Delinquency, Defendants Shall Have 10 Days to Cure. Cure Shall Be Defined as Paying the Amount of the Delinquency Plus $200. Failure to Cure Within Ten (10) Days After Notice Shall Be Deemed a Default. Notice of Default Shall Be Emailed to Both Individual Defendants at Memroch@yahoo.com and Jzaragoza@doctorallways.com. Defendants Agree to Keep These Email Addresses Active and Functioning So Long as Payments Under This Agreement Remain Owed and Unpaid. in the Event of Default, Plaintiffs Shall Be Entitled to a Judgment Against Defendants, Jointly and Severally, in the Amount of $41,246 Less Payments Already Made (excluding Any Extra $200 Delinquency Payments) Plus Attorney's Fees and Costs to Enforce This Agreement, Plus Attorney's Fees and Costs Incurred During Post-judgment Collections.

Settlement Agreement, p. 7, ¶ 7 ("Default Provision").

4. This month's payment, due September 1, 2022, was no exception.

5. On September 2, 2022, I emailed notice of default pursuant to the Default Provision:

> **From:** Elliot Kozolchyk
> **Sent:** Friday, September 2, 2022 11:04 AM
> **To:** memroch@yahoo.com; jzaragoza@doctorallways.com
> **Cc:** Phoebe Dauz <pk@kozlawfirm.com>; Mark Beutler <MJB@MJBPA.com>; Joan Manley <JMM@MJBPA.com>
> **Subject:** RE: NOTICE OF DEFAULT: Rivera et al v. American Medical Network LLC et al - Case No. 20-cv-24440 (Sent Registered)
>
> **NOTICE OF DEFAULT – PAYMENT #3**
>
> Mr. Zaragoza and Mr. Rochin:
>
> Pursuant to the Parties' Settlement Agreement [ECF No. 60-2, p. 7, § 7] and the Court's Order [ECF No. 63], this email is notice of your failure to make Payment #3 as defined in the Settlement Payments Chart located at page 6, § 6 of the Settlement Agreement.
>
> 

**Exhibit A**, emails containing notices of default and conferring.

6.     The Settlement Agreement gave Defendants ten (10) more days to comply with the Settlement Agreement and make payment before the default amount of $41,246, offset by payments already made, would become due.

7.     Defendants failed to make payment.

8.     This Motion follows.

9.     Pursuant to the Default Provision, Plaintiffs request judgment to be entered in Plaintiffs' favor and against Defendants, jointly and severally, in the amount of **$33,434.50**, which is $41,246 less payments already made of $7,811.50.

10.    Plaintiffs further request that the Court enter an Order requiring Defendants to complete Florida Rules of Civil Procedure Form 1.977 Fact Information Sheet and all necessary attachments within 45 days.

> Plaintiffs request the Court enter an order requiring Defendants to complete Florida Rules of Civil Procedure Form 1.977 Fact Information Sheet, and all necessary attachments, within 45 days from the date of judgment. Under the Florida Rules of Civil Procedure, a judgment creditor may obtain discovery to aid her execution of a judgment. Fla. R. Civ. P. 1.560(a). Upon request of the judgment creditor, the Court "shall order the judgment debtor or debtors to complete [F]orm 1.977, including all required attachments, within 45 days of the order[.]" Fla. R. Civ. P. 1.560(b). Importantly, the Florida Rules of Civil Procedure are made applicable here by Federal Rule of Civil Procedure 69, which allows a judgment creditor to "obtain discovery from any person-including the judgment debtor-as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Rule 69 effectively gives the judgment creditor "the choice of federal or state discovery procedures to conduct post-judgment discovery." *In re Clerici*, 481 F.3d 1324, 1337 (11th Cir. 2007). Plaintiffs are therefore entitled to the post-judgment discovery it seeks, and such an order may be incorporated into the final judgment. *Weatherby Locums, Inc. v. Lower Bucks Pediatrics, P.C.*, No. 19-cv-62478-BLOOM/Valle, 2019 WL 6468714, at *2 (S.D. Fla. Dec. 2, 2019); *Microsoft Corp. v. Tech Emporium Enters., Inc.*, No. 1:17-cv-141-MW-GRJ, 2018 WL 6137199, at **3-4 (N.D. Fla. Jan. 16, 2018); *Am. Home*

> *Assurance Co. v. Weaver Aggregate Transp., Inc.*, 298 F.R.D. 692, 693 (M.D. Fla. 2014).
> Defendants should be ordered to complete the Florida Rules of Civil Procedure Form 1.977 Fact Information Sheet, and all necessary attachments, and return a sworn copy to Plaintiffs' counsel within 45 days from the date of judgment.

*Gibson v. Cowboys Saloon Gainesville, LLC*, No. 1:18-CV-138-AW-GRJ, 2020 WL 3055453, at *9 (N.D. Fla. Feb. 5, 2020), *report and recommendation approved in part*, No. 1:18-CV-138-AW-GRJ, 2020 WL 1466412 (N.D. Fla. Mar. 25, 2020).

11. District courts have the inherent power to summarily enforce settlement agreements entered into by litigants in a pending case. *United States Doe v. Health First, Inc.*, 6:14CV501ORL37DCI, 2017 WL 1929700, at *4 (M.D. Fla. May 10, 2017) (*citing Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987)). "Courts will enforce them when it is possible to do so." *Id.* (*quoting BP Prods. N. Am., Inc. v. Oakridge at Winegard, Inc.*, 469 F. Supp. 2d 1128, 1133 (M.D. Fla. 2007)). The construction of a settlement agreement is a question of law, *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905–06 (11th Cir. 1987) (*citing Turner v. Orr*, 759 F.2d 817, 821 (11th Cir.1985)), *cert. denied*, 478 U.S. 1020, 106 S.Ct. 3332, 92 L.Ed.2d 738 (1986), governed in this case by Florida contract law. *Reed By & Through Reed v. United States*, 717 F. Supp. 1511 (S.D. Fla. 1988), *aff'd*, 891 F.2d 878 (11th Cir. 1990) (*citing Florida Education Assoc., Inc. v. Atkinson*, 481 F.2d 662, 663 (5th Cir.1973)).

WHEREFORE, Plaintiffs respectfully request that the Court (1) enter judgment in Plaintiffs' favor and against Defendants, jointly and severally, in the amount of $33,434.50, and (2) require Defendants to complete Florida Rules of Civil Procedure Form 1.977 Fact Information Sheet and all necessary attachments signed under oath within 45 days.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road, Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791

**CERTIFICATE OF CONFERRAL**

Counsel for the parties have conferred by telephone in good faith regarding the relief sought in this Motion. Opposing counsel contacted his clients but does not yet have his clients' response. The parties' counsel stipulate that Plaintiffs' counsel has conferred in good faith and satisfied the conferral requirements of S. D. Fla. L. R. 7.1(a)(3).

_____
Elliot Kozolchyk, Esq.