UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24440-CIV-WILLIAMS/MCALILEY

BURIJ MUCHNIK RIVERA and
JULIO NARCISO CORTES,

      Plaintiffs,

vs.

AMERICAN MEDICAL NETWORK LLC
d/b/a DOC TO YOUR DOOR, ZARBRO, LLC,
GUILLERMO ROCHIN and JUAN ZARAGOZA,

      Defendants.

_____/

## OMNIBUS REPORT AND RECOMMENDATION ON MOTION TO ENFORCE SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY'S FEES

Plaintiffs, Burij Muchnik Rivera and Julio Narciso Cortes, filed a Motion to Enforce Settlement and for Judgment (ECF No. 73) and a Motion for Attorney's Fees (ECF No. 65). The Honorable Kathleen M. Williams referred the Motions to me for a report and recommendation. (ECF Nos. 66, 74). Defendants, American Medical Network LLC, Zarbro, LLC, Guillermo Rochin and Juan Zaragoza, filed a response memorandum in opposition to the Motion for Attorney's Fees, (ECF No. 69), and, at the Court's direction, filed a response to the Motion to Enforce Settlement and for Judgment, (ECF Nos. 75, 76). Plaintiffs have not filed a reply in support of its Motion to Enforce Settlement and for

Judgment, and the Court did not allow Plaintiffs to file a reply in support of its Motion for Attorney's Fees. (ECF No. 71).[1]

For the reasons that follow, I recommend that the Court grant Plaintiffs' Motion to Enforcement Settlement and for Judgment (ECF No. 73), and grant in part Plaintiffs' Motion for Attorney's Fees (ECF No. 65).

## I.     Background

Plaintiffs filed this action in October 2020 for unpaid minimum and overtime wages, under the Fair Labor Standards Act ("FLSA"). (ECF No. 1). The Complaint alleges, in sum, that Defendants employed Plaintiffs as physician assistants and withheld wages owed for hours worked during their employment. (*Id.*). In their response to Plaintiffs' Statement of Claim, Defendants responded that Plaintiffs are entitled to no wages because Plaintiff Rivera was an independent contractor, not an employee of Defendants, Plaintiff Cortes was exempt from overtime, and both Plaintiffs' claims are barred by the statute of limitations. (ECF No. 14).

The parties attended a settlement conference and, later, a mediation, but did not resolve their dispute. *See* (ECF Nos. 15, 23). They also litigated Defendants' motion for summary judgment, which the Court granted in part. (ECF Nos. 24, 25, 30, 31, 35, 36, 46).

---

[1] Plaintiffs filed, on the day their reply was due, a motion for extension of time to file the reply. (ECF No. 70). The Court denied the motion because "[t]hroughout the course of this litigation, the Court has repeatedly ordered Plaintiffs and the Parties to comply with its Practices and Procedures, which provide that non-emergent requests for extension must be made at least 48 hours before a motion or pleading's deadline." (ECF No. 71).

On the eve of trial, the parties reached a settlement in full. *See* (ECF No. 57). Consistent with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Court found that their compromise constitutes a fair and reasonable resolution of a bona fide dispute over FLSA provisions. (ECF No. 63). The Court approved their Settlement Agreement (ECF No. 60-2), which resolved all disputes between the parties with the exception of the amount of attorney's fees Plaintiffs would recover. (*Id.* at 6 ¶ 6); (ECF No. 63). The Settlement Agreement did not waive Plaintiffs' right to recover those fees from Defendants, and the Court allowed Plaintiffs to file, at a later date, a motion for attorney's fees. (ECF No. 63).

The relevant terms of the Settlement Agreement are as follows. Defendants agreed to pay a total of $18,000.00 to Plaintiff Julio Narcisco Cortes, $12,000.00 to Plaintiff Burij Muchnik Rivera, and $1,246.00 in costs to Plaintiffs' counsel, Elliot Kozolchyk of Koz Law, P.A., and to do so with monthly installment payments. (ECF No. 60-2 at 6 ¶ 6). The Court modified the parties' proposed payment schedule and ordered Defendants to make their first payment on July 1, 2022, and to then proceed in one-month increments. (ECF No. 63 at 2 n.2). The Settlement Agreement contemplates the possibility that Defendants would fail to make timely payment:

> **7. Default and Right to Cure**. In the event any payment is delinquent, upon notice of delinquency, Defendants shall have 10 days to cure. Cure shall be defined as paying the amount of the delinquency plus $200. Failure to cure within ten (10) days after notice shall be deemed a default. Notice of default shall be emailed to both individual defendants at memroch@yahoo.com and jzaragoza@doctorallways.com. Defendants agree to keep these email addresses active and functioning so long as payments under this Agreement remain

owed and unpaid. In the event of default, Plaintiffs shall be entitled to a judgment against Defendants, jointly and severally, in the amount of $41,246 less payments already made (excluding any extra $200 delinquency payments) plus attorney's fees and costs to enforce this Agreement, plus attorney's fees and costs incurred during post-judgment collections.

(ECF No. 60-2 at 7 ¶ 7).

In their Motion to Enforce Settlement and for Judgment, Plaintiffs state that Defendants breached the Settlement Agreement for failure to pay on schedule, and that Plaintiffs emailed notice of default to Defendants as set forth in the Settlement Agreement. Plaintiffs ask the Court to (1) enter a judgment in Plaintiffs' favor and against Defendants, jointly and severally, in the amount of $33,434.50, which is $41,246.00 less payments already made of $7,811.50, and (2) enter an Order requiring Defendants to complete Florida Rules of Civil Procedure Form 1.977 (Fact Information Sheet) and all necessary attachments within 45 days. (ECF No. 73 at 3 ¶¶ 9-10).

In their Motion for Attorney's Fees, Plaintiffs ask the Court to (1) enter an award of $60,320.00 for 150.8 hours of work their counsel performed at an hourly rate of $400.00, (ECF No. 65 at 3 ¶ 16); (2) enter an award of "additional fees and costs associated with collection of the underlying FLSA judgment and fees", (*id.* at 8); and (3) award post-judgment interest to accrue in accordance with 28 U.S.C. § 1961, (*id.*).

I first address Plaintiffs' Motion to Enforce Settlement and for Judgment.

## II.   Breach of the Settlement Agreement; Judgment

On September 13, 2022, Plaintiffs filed the Motion to Enforce Settlement and for Judgment. (ECF No. 73). The Motion states that each payment Defendants made up to

September 1, 2022, was late, and that Defendants completely failed to make payment on September 1st, in contravention of their payment schedule. (*Id.* at 1-2). On September 2nd, Plaintiffs' counsel, pursuant to the Default provision in the Settlement Agreement (ECF No. 60-2 at 7 ¶ 7), emailed a notice of default to Defendants. (ECF No. 73 at 2 ¶ 5). Ten days passed and Defendants still made no payment to Plaintiffs. (*Id.* at 3 ¶¶ 6-7). Plaintiffs now ask that the Court, pursuant to the Default provision of the Settlement Agreement, enter a judgment in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of $33,434.50. (*Id.* at 3 ¶ 9).

Defendants do not dispute their non-payment or their breach of the Settlement Agreement. Nor do they dispute the validity of the Default provision of the Settlement Agreement. In the response, Defendants' counsel states that Defendants "apparently lack the funds necessary to discharge their obligations under the settlement agreement", and he "acknowledges that this is not a legally cognizable defense to the present motion to enforce the settlement agreement." (ECF No. 76 at 1).

Accordingly, I recommend that the Court enter a judgment in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of **$33,434.50**.

In their Motion, Plaintiffs also ask the Court to "enter an Order requiring Defendants to complete Florida Rules of Civil Procedure Form 1.977 Fact Information Sheet and all necessary attachments within 45 days." (ECF No. 73 at 3 ¶ 10).

Defendants object to Plaintiffs' request and argue that it is premature because no judgment has been entered. (ECF No. 76 at 1-2).

Rule 69(a) of the Federal Rules of Civil Procedure allows Plaintiffs to, in aid of a judgment or execution, obtain discovery into Defendants' assets. Plaintiffs may utilize methods under both the Federal Rules of Civil Procedure and Florida Rules of Civil Procedure. Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person ... as provided in these rules or by the procedure of the state where the court is located."). Pursuant to Florida Rule of Civil Procedure 1.560(b), Plaintiffs may request the Court to instruct the judgment debtor – here, Defendants (once the Court enters a judgment) – to complete the Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet). Fla. R. Civ. P. 1.560(b).

Although a judgment has yet to be entered, it is inefficient to deny this request here and force Plaintiffs to file another motion upon entry of judgment. When the Court enters the judgment, Plaintiffs will be entitled to discovery into Defendants' assets. I therefore recommend that the Court grant this request and, when the Court enters the judgment recommended above, order Defendants to complete and return to Plaintiffs Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) and all necessary attachments within 45 days.

## III.    Attorney's Fees

In their Motion for Attorney's Fees, Plaintiffs ask the Court to enter an award in the amount of $60,320.00. (ECF No. 65 at 3 ¶ 16). Defendants do not dispute that Plaintiffs are entitled to an award of a reasonable amount for their attorney's fees. (ECF No. 69 at 8) ("Defendants realize that attorney's fees are due."). They do dispute the amount Plaintiffs seek, and they ask the Court to reduce the total amount to $48,488.00. (*Id.* at 8-11).

"A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) (citing *ACLU of Ga. v. Barnes*, 168 F.3d 423, 432-33 (11th Cir. 1999)). "The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citation omitted).

   a.   <u>Hourly Rate</u>

The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). The Court may use its own knowledge and experience in determining the reasonableness of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).

Plaintiffs request an hourly rate of $400.00 for their counsel, Elliot Kozolchyk. (ECF No. 65 at 6). Mr. Kozolchyk is the sole shareholder of Koz Law, P.A., and practices exclusively in labor and employment law. (*Id.*). He has been an attorney for over 12 years and has litigated more than 700 federal employment cases. (*Id.*). In their Motion, Plaintiffs cite legal authority to support that $400.00 is a reasonable hourly rate for Mr. Kozolchyk, that includes a case where another division of this Court previously found that rate to be reasonable. *See* (ECF No. 65 at 6) (citing *Kalabushchankau v. Devolro Grp. LLC*, No. 19-

CIV-60628, 2019 WL 13174412, at *2 (S.D. Fla. July 31, 2019) (finding $400.00 is a reasonable hourly rate for Mr. Kozolchyk); *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1328-29 (S.D. Fla. 2015) (awarding $400.00 hourly rate in FLSA case to attorney with more than 8 years' experience)).

Defendants argue that $375.00 is a more reasonable hourly rate for Mr. Kozolchyk. (ECF No. 69 at 11). They cite cases in other divisions of this Court where the Court awarded him either $350.00 or $375.00 per hour, that span from February 2020 to June 2022. (*Id.* at 4).

On August 31, 2022, Plaintiffs filed a Notice of Supplemental Authority[2] that attaches a decision of the Honorable Cecilia M. Altonaga, dated that same day, in which she found $400.00 to be a reasonable hourly rate for Mr. Kozolchyk. *See* (ECF No. 72-1 at 4-5).

Based on the case law cited by the parties, the record of this action and the Court's own knowledge and experience, I find **$400.00** to be a reasonable hourly rate for Plaintiff's counsel.

b. Number of hours reasonably worked

Plaintiffs seek compensation for 150.8 hours of work their counsel performed, and they submit his billing entries for review. *See* (ECF No. 65-1). Defendants object to several billing entries as excessive, duplicative, and clerical. (ECF No. 69 at 9-11). I have reviewed

---

[2] Rule 7.8 of this Court's Local Rules allows a party to file a notice of supplemental authority "[i]f one or more pertinent and significant authorities come to a party's attention after the motion or memorandum of law has been filed ... but before a decision has been rendered". S.D. Fla. L.R. 7.8.

counsel's timesheet and find that some entries are not compensable because they reflect clerical work, and that other entries should be reduced because they are duplicative. I find, however, that the entries Defendants object to as excessive are, in fact, compensable.

Defendants object to five billing entries on the basis that they are clerical tasks. (*Id.* at 10-11).[3] Simple administrative tasks that could be completed by a secretary are not recoverable because they do not require a lawyer's skill and training. *Martin v. Italian Cabinetry, Inc.*, No. 18-CV-24958, 2019 WL 3429919, at *3 (S.D. Fla. June 6, 2019) (citations omitted), *report and recommendation adopted*, 2019 WL 3425942, (S.D. Fla. June 24, 2019); *Weis-Buy Farms, Inc. v. Global Unlimited Mktg. Sols., Inc.*, No. 07-22531-CIV, 2008 WL 11470913, at *1 (S.D. Fla. Oct. 22, 2008) ("[A] court cannot award attorneys' fees for clerical tasks.") (citations omitted), *report and recommendation adopted*, 2008 WL 11470914 (S.D. Fla. Nov. 21, 2008). To determine whether a task is clerical, courts consider "whether the work was sufficiently complex to justify the efforts of the attorney as opposed to an employee ... lower on the pay-scale ladder." *Martin*, 2019 WL 3429919, at *3 (quotation marks and citation omitted).

I have reviewed those entries and agree with Defendants that they reflect clerical work. The descriptions of the tasks do not clearly demonstrate that the work performed is "traditionally done by an attorney", *Gowen Oil Co. v. Abraham*, 511 F. App'x 930, 936

---

[3] The time entries are: (i) 0.20 hours on 11/13/20; (ii) 0.6 hours on 1/22/21; (iii) 0.2 hours on 1/28/21; (iv) 1.2 hours on 2/23/21 (the response memorandum wrongly states it is the entry for 1.5 hours; the task Defendants object to is clearly the entry on the line below, for 1.2 hours); and (v) 3.2 hours on 7/11/21. (ECF No. 65-1 at 1-2).

(11th Cir. 2013) (quotation marks and citation omitted), and Plaintiffs make no showing to prove otherwise.

I recommend that the Court exclude the five entries that Defendants object to as clerical work, which total **5.4 hours**, from the total number of hours that Plaintiff's counsel reasonably expended.

Courts must also deduct "excessive, redundant or otherwise unnecessary" hours. *Norman,* 836 F.2d at 1301. Defendants argue that on two different dates Plaintiffs' counsel engaged in duplicative work because he conferred with his clients separately, rather than together, about similar matters: (1) on January 22, 2021, to discuss an upcoming settlement conference; and (2) on March 3, 2022,[4] to discuss the Settlement Agreement. (ECF No. 69 at 10). Plaintiffs' counsel billed a total of 0.4 hours for each task, resulting in a total of 1.6 hours. *See* (ECF No. 65-1 at 1, 5).

I agree with Defendants that this work is duplicative. Both Plaintiffs attended the settlement conference and the provisions of the Settlement Agreement (ECF No. 60-2) apply equally to both, other than the specific sums Defendants agreed to pay to each. Plaintiffs' counsel could have more efficiently met with both clients at once. I therefore recommend that the Court deduct **0.8 hours** from the total number of hours expended on these tasks. *See Walker v. Grampa's Real Estate Inc.*, No. 20-CV-61557, 2022 WL 2789967, at *5 (S.D. Fla. June 29, 2022) (deduction of Mr. Kozolchyk's hours for

---

[4] The response memorandum states March 2, 2022, which is clearly a typographical error, as the billing records show March 3, 2022. *See* (ECF No. 69 at 10); (ECF No. 65-1 at 5).

duplicative work "address[ing] a similar issue with each client individually when they are all plaintiffs in the same case and share many similarities."), *report and recommendation adopted*, 2022 WL 2788498 (S.D. Fla. July 15, 2022).

Defendants also argue that Plaintiffs' counsel spent excessive time preparing the Response to Defendants' Statement of Material Facts (ECF No. 31)[5] and its attachments, Plaintiffs' affidavits (ECF Nos. 31-1; 31-2). (ECF No. 69 at 9). Mr. Kozolchyk spent a total of 14.4 hours working on the Statement of Materials Facts.[6] He spent 7.0 hours preparing Plaintiff Rivera's affidavit[7] and 10.5 hours preparing Plaintiff Cortes' affidavit.[8]

Plaintiffs' Response to Defendants' Statement of Material Facts is 20 pages long and contains 72 paragraphs. (ECF No. 31).[9] Half the paragraphs address Defendants' Statement of Material Facts (most are disputed) and the other half assert additional facts. All paragraphs, other than a few, provide responses that are several sentences long, with citations to specific authority. Plaintiff Rivera's affidavit is 4 pages long and has 30 paragraphs. (ECF No. 31-1). The other 17 pages are of bank records, checks, and a verification of his electronic signature. (*Id.*). Plaintiff Cortes' affidavit is 7 pages long with

---

[5] Plaintiffs filed their initial Response to Defendants' Statement of Material Facts at ECF No. 31. The next day they filed a corrected version at ECF No. 32. They are largely the same.

[6] *See* (ECF No. 65-1 at 3 (entries dated 8/21/21 for 5.2 hours, 9/19/21 for 6.5 hours, and 9/21/21 for 2.7 hours)).

[7] *See* (ECF No. 65-1 at 3 (entries dated 9/20/21 for 6 hours and 9/21/21 for 1 hour)).

[8] *See* (ECF No. 65-1 at 3 (entries dated 9/18/21 for 9 hours and 9/21/21 for 1.5 hours)).

[9] The corrected version at ECF No. 32 is of similar length.

57 paragraphs. (ECF No. 31-2). Its total number of pages is 14, as it also includes several documents that show a schedule of hours worked, his Florida Vehicle Registration, a $5,000.00 check, and a verification of his electronic signature. (*Id.*).

Defendants cite no legal authority to support their contention that Plaintiffs' counsel spent an excessive amount of time in his preparation of these three documents. Defendants state only that they are excessive for a routine FLSA case and ask the Court to reduce the hours in half. (ECF No. 69 at 9). "Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight." *Norman*, 836 F.2d at 1301 (citation omitted). After a careful review of Plaintiffs' Response to Defendants' Statement of Material Facts, and Plaintiffs' affidavits, I am not persuaded that the time Plaintiffs' counsel spent preparing those documents was excessive.

Other than the reductions specified above, I find the number of hours sought is reasonable. I conclude that Plaintiff's counsel reasonably expended **144.6 hours**.

Based upon the foregoing, I recommend that the Court award Plaintiffs **$57,840.00** in reasonable attorneys' fees.[10]

    c.  <u>Fees for collection</u>

Plaintiffs also ask the Court for an award of "additional fees and costs associated with collection of the underlying FLSA judgment and fees." (ECF No. 65 at 8). They state: "[I]t appears that Defendants will not voluntarily pay an award of fees which may necessitate post-judgment collection work." (*Id.*).

---

[10] 144.6 x $400.00 = $57,840.00.

Paragraph 17 of the Settlement Agreement states: "Should any party to this Agreement be required to enforce the terms of this agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its/his reasonable attorney fees and costs, including fees and costs incurred during post-judgment collection." (ECF No. 60-2 at 9 ¶ 17). Plaintiffs' request here is premature. The two cases Plaintiffs cite involve parties that attempted to recover attorneys' fees and costs *after* they attempted to collect on the judgment and had to initiate post-judgment proceedings. *See DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-CIV, 2009 WL 36550 (S.D. Fla. Jan. 6, 2009); *Free v. Briody*, 793 F.2d 807 (7th Cir. 1986). That has not happened here. To the extent permitted by the Settlement Agreement, Plaintiffs may later seek to recover their attorney's fees they incur to enforce the Settlement Agreement.

I recommend that the Court deny this request.

d.  Interest

Plaintiffs ask the Court to award post-judgment interest to accrue in accordance with 28 U.S.C. § 1961. (ECF No. 65 at 8). Section 1961(a) states, in part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a). Defendants voice no objection to this request. *See* (ECF No. 69).

I recommend that the Court award post-judgment interest to accrue at the legal rate established by 28 U.S.C. § 1961, from the date that the Court enters the award of Plaintiffs' attorney's fees.

## IV.     Conclusion and Recommendation

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1.     **GRANT** Plaintiffs' Motion to Enforce Settlement and for Judgment (ECF No. 73);

2.     **ENTER JUDGMENT** in Plaintiffs' favor and against Defendants, jointly and severally, in the amount of **$33,434.50**;

3.     **ORDER** Defendants to complete Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) and all necessary attachments, and to provide this to Plaintiffs' counsel, within 45 days from the date of the judgment;

4.     **GRANT** Plaintiffs' Motion for Attorney's Fees (ECF No. 65) **IN PART**, and award Plaintiffs **$57,840.00** in reasonable attorney's fees, with post-judgment interest to accrue in accordance with 28 U.S.C. § 1961.

## V.     OBJECTIONS

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed

on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in Miami, Florida this 6th day of January 2023.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE